UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| GARDO DESIGN GROUP, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-2702-MlV |
| | ) | |
| WAYNE MILLS, WAYNE MILLS | ) | |
| ENTERPRISES, LLC, and | ) | |
| TOMMY STITES, | ) | |
| | ) | |
| Defendants. | ) | |

_____

REPORT AND RECOMMENDATION ON
PLAINTIFF'S RENEWED MOTION TO COMPEL DISCOVERY
_____

Before the court is the November 26, 2007 motion of the plaintiff, Gardo Design Group, LLC, to compel discovery. Although not so styled, the motion is in essence a motion pursuant to Rule 37 of the Federal Rules of Civil Procedure to strike the answer of the defendants and to enter a default judgment against the defendants for failure to comply with discovery requests and a court order. Gardo Design also seeks attorney fees in connection with the filing of this motion and the previous motion to compel. The defendants have not responded to the renewed motion to compel, and the time for response has expired.

The motion was referred to the United States Magistrate Judge for determination. Because the motion is in the nature of a dispositive motion, a report and recommendation is issued instead

of a determination. For the reasons that follow, it is recommended that Gardo Design's motion for sanctions be granted, that the answer of the defendants be stricken, and that default judgment be entered against all the defendants.

Gardo Design served interrogatories and requests for production of documents on the defendants in April of 2007. The defendants failed to respond. On October 2, 2007, Gardo Design filed a motion to compel the defendants to respond to its first set of interrogatories and requests for production of documents. In response to the motion, counsel for the defendants requested additional time to respond to the discovery requests because of physical illness of defendant Wayne Mills and the inability to contact defendant Tommy Stites. The request for additional time was granted, the defendants were ordered to respond to the Gardo Design's discovery requests on or before Friday, November 23, 2007, and the defendants were warned that failure to abide by the court's order or to comply with discovery requests could result in the entry of default judgment against them. The defendants failed to respond to the discovery requests as ordered by the court, and Gardo Design filed the present renewed motion to compel and for sanctions. The defendants have failed to respond to the motion.

The Federal Rules of Civil Procedure provide that if a party fails to serve answers to interrogatories or to produce documents after proper service of discovery requests, the court "may issue

further just orders" including the imposition of any of the sanctions listed in Rule 37(b)(2)(A),(B), & (C), among which is the striking out of any pleadings, rendering a judgement by default against the disobedient party, and an award of reasonable expenses, including attorney fees, caused by the failure of a party to act FED. R. CIV. P. 37(b)(2). In lieu of the sanctions set forth in subsection (A), (B), and (C) of Rule 37(b)(2), or in addition to those sanctions, the court can treat the failure of the disobedient party to obey the court's order as a contempt of court. FED. R. CIV. P. 37(b)(2)(A)(vii).

The Sixth Circuit regards the sanction of dismissal under Rule 37 for failure to cooperate in discovery to be "the sanction of last resort." *Beil v. Lakewood Eng'g and Mfg. Co.*, 15 F.3d 546, 552 (6th Cir. 1994). Dismissal may be imposed "only if the court concludes that a party's failure to cooperate in discovery is due to willfulness, bad faith, or fault." *Reg'l Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 153-54 (6th Cir. 1988). In determining whether to dismiss an action for failure to cooperate in discovery, the court should consider: (1) whether the party acted with willfulness, bad faith, or fault; (2) whether prejudice resulted from the discovery violation; (3) whether the party had been warned that her conduct could lead to extreme sanctions; and (4) whether less drastic sanctions were previously imposed or considered. *Freeland v. Amigo*, 103 F.3d 1271, 1277 (6th Cir.

3

1997); *Bass v. Jostens, Inc.*, 71 F.3d 237, 241 (6th Cir. 1995); *Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1073 (6th Cir. 1990). The court will apply the same factors in determining whether to enter default judgment against the defendants for failure to cooperate in discovery.

Striking the defendants' answer and entering a default judgment against the defendants is an appropriate sanction in this case. The first factor of the Sixth Circuit's test is satisfied because the defendants' failure to respond to the interrogatories and request for documents is due to their own willfulness and fault. The defendants have had over eight months to respond to Gardo Design's discovery requests. The defendants have ignored an order of the court directing them to respond. This course of conduct constitutes a clear record of delay.

The second factor is satisfied as Gardo Design has been prejudiced because it is unable to move forward in its preparation for trial without the defendants' responses to its discovery requests. Furthermore, Gardo Design has had to waste time, money, and effort in pursuit of cooperation which the defendants were legally obligated to provide under the court's order.

The third factor is also satisfied. The defendants were made aware that failure to comply with the court's order would result in the entry of a default judgment against them.

The final factor is satisfied because lesser sanctions would

4

not be appropriate in this case. The defendants have failed to provide any discovery whatsoever and failed to abide by an express order of the court to do so.

Therefore, the court recommends striking the defendants' answer and entering a default judgment against all the defendants under Rule 37(b) as a sanction. Plus, the imposition of monetary sanctions is warranted to compensate Gardo Design for its expenses incurred due to the defendants' failure to provide discovery.

Respectfully submitted this 2nd day of January, 2008.

                      S/ Diane K. Vescovo
                      DIANE K. VESCOVO
                      UNITED STATES MAGISTRATE JUDGE

NOTICE

ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN TEN (10) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE THEM WITHIN TEN (10) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.